IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN DAVID MCMURRER,
Petitioner,

v.

Case No. 21–CV–853–JPG

DAN SPROUL,
Respondent.

**MEMORANDUM & ORDER**

Before the Court is Petitioner Brian David McMurrer's Petition for Writ of Habeas Corpus. (Doc. 1).    Petitioner is a federal prisoner currently incarcerated at the U.S. Penitentiary in Lewisburg, PA ("Lewisburg USP")[1].Petitioner was originally incarcerated at U.S. Pentintentiary at Marion, Illinois, where respondent Dan Sproul ("Respondent") is the warden. The Petitioer is challenging the loss of 27 days of good conduct credit based on discipline he received at FCC Terre Haute in December 2018.[2]

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

---

[1] When he filed this petition, the petitioner was incarcerated at USP-Marion, where Sproul was the warden. It appears he is now at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"). See BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (visited Dec. 27, 2021). The petitioner's transfer to a facility outside this district does not divest this Court of subject matter jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440-41 (2004); *al-Marri v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004) (citing *Ex Parte Endo*, 323 U.S. 283 (1944)).
[2] Petitioner also states he received 90 das of loss of phone and commissary and 30 days of visits.

In January 2016, McMurrer pled guilty in the United States District Court for the Southern District of Indiana to one count of bank robbery. *United States v. McMurrer*, No. 3:15-cr-47-WTL-MJD (S.D. Ind.). McMurrer appealed his sentence, and in November 2019, the United States Court of Appeals for the Seventh Circuit granted McMurrer's motion to voluntarily dismiss the appeal. *United States v. McMurrer*, No. 19-1628 (7th Cir. 2019).

Petitioner has eight grounds that supports his claim. Specifically, he states that (1) Jack Whittley stated at the Disciplinary Hearing Officer ("DHO") "I never touched him"; (2) the warden never had good reason to waive an extension for over 3 months; (3) photographs were not provided to Petitioner to see at his disciplinary hearing because he was told there was a ending internal affairs investigation; (4) DHO report was not provided to Petitioner until over a year after his hearing; (5) medical report related to this incident contradicts the incident report; (6) DHO heard the case before the findings of the internal affair investigation of staff assault related to the claims; and (7) hallway video of incident was denied by DHO; and (8) a psychological evaluation was refused by DHO.

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). This includes claims for restoration of wrongfully revoked good conduct credit. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Prisoners are entitled to due process before being deprived in prison disciplinary proceedings of their liberty interests in earned good conduct credit. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). A prisoner is entitled to be given:

> (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder

of the evidence relied on and the reasons for the disciplinary action. *Rasheed–Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992), *accord Scruggs*, 485 F.3d at 939; *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974). Due process also requires that the disciplinary decision be supported by "some evidence." *Hill*, 472 U.S. at 454.

McMurrer's claims for restoration of good conduct credit and for a specific due process violation in connection with the disciplinary process are properly raised in this § 2241 petition. *Jones*, 637 F.3d 841 (due process claim); *Waletzki*, 13 F.3d 1079 (denial of good conduct credit). Accordingly, it is not plainly apparent that the petitioner is not entitled to habeas relief. Without commenting on the merits of the petitioner's claims, the Court concludes that the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

Petitioner also states he wishes to notify the Court of additional evidence in regards to the incident. However, the Court's review in a § 2241 based on disciplinary process are limited. "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). For these reasons, the Court **DENIES** Petitioner's motion order discovery at this point (Doc. 3). Petitioner is free to supplement his § 2241 with any additional information he wishes to provide the Court.

**IT IS FURTHER ORDERED** that the respondent shall answer or otherwise plead on or before July 25, 2022. This preliminary order to respond does not preclude the respondent from raising any objection or defense the respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois,

shall constitute sufficient service.

The petitioner is **ADVISED** of his continuing obligation to keep the Clerk and opposing parties informed of any change in the petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**
**DATED: June 24, 2022**

                                        **/s J. Phil Gilbert**
                                        **J. PHIL GILBERT**
                                        **UNITED STATES DISTRICT JUDGE**